UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------- x

RICHARD KRANTZ, Derivatively On Behalf
of Nominal Defendant CVS Corporation,

        Plaintiff,

    - against -

THOMAS M. RYAN, DAVID B. RICKARD,
THOMAS P. GERRITY, STANLEY P.
GOLDSTEIN, MARIAN L. HEARD, TERRY
R. LAUTENBACH, TERENCE MURRAY,
SHELI Z. ROSENBERG, and WILLIAM H.
JOYCE,

        Defendants,

    and

CVS CORPORATION,

        Nominal Defendant.

---------------------------------- x

04-12650-REK

## DEFENDANTS' MOTION TO REDESIGNATE ACTION AS A RELATED CASE

Nominal defendant CVS Corporation ("CVS") and defendants Thomas M. Ryan and David B. Rickard (collectively, "Defendants") respectfully move pursuant to D. Mass. R. 40.1(G)(5) for an order designating this action (the "Derivative Action") as a related case to In re CVS Corp. Securities Litig., C.A. No. 01-11464-JLT (the "Securities Action") and Fescina v. CVS Corp., et. al., C.A. No. 04-12309-JLT (the "ERISA Action"), both presently pending before Judge Tauro. Pursuant to D. Mass. R. 40.1(G)(5), a contemporaneous motion has been filed with Judge Tauro. Defendants

have also filed with Judge Tauro a motion to consolidate the three actions, pursuant to Fed. R. Civ. P. 42(a) and D. Mass. R. 40.1(J).

For the convenience of the Court, a copy of the complaint filed in the Securities Action, a blackline comparison of the complaint filed in the Securities Action against the complaint filed in the instant action, and a copy of the Motion to Redesignate the Derivative Action as a Related Case and to Consolidate, and accompanying memorandum of law, filed with Judge Tauro are attached as Exhibits A, B and C to the Affidavit of Michael S. Gardener filed herewith.

Pursuant to D. Mass R. 40.1(G)(1), a civil case is related to one previously filed

> if some or all of the parties are the same and if one or more of the following similarities exist also: the cases involve the same or similar claims or defenses; or the cases involve the same property, transaction or event; or the cases involve insurance coverage for the same property, transaction or event; or the cases involve substantially the same questions of fact and law.

As the blackline comparison of the instant complaint against the complaint filed in the Securities Actions shows, the two actions are overwhelmingly similar. This action and the Securities Action are both brought by CVS shareholders and name as defendants CVS, Thomas M. Ryan and David B. Rickard. In addition, all three actions are based upon the same alleged misconduct. First, both plaintiffs contend that, at the end of 2000, CVS improperly suspended certain markdowns, which allegedly had the effect of inflating CVS's earnings. (Compare Derivative Complaint ("D.C.") ¶¶ 24-33 with Securities Complaint ("S.C.") ¶¶ 33-42). Second, both plaintiffs assert that the defendants deceived investors by failing to timely disclose the adverse effects of a

nationwide pharmacist shortage. (Compare D.C. ¶¶ 40-51 with S.C. ¶¶ 49-60). Third, both plaintiffs assert that the defendants deceived investors by failing to disclose prior to October 2001 an alleged plan to close 200 CVS stores. (Compare D.C. ¶¶ 34-39 with S.C. ¶¶ 43-48). Finally, both plaintiffs identify the same allegedly false and misleading statements. (Compare D.C. ¶¶ 52-79 with S.C. ¶¶ 61-91).

Consequently, the Derivative Action should be designated a related case and transferred to Judge Tauro for disposition along with the Securities and ERISA Actions. Bailey v. Dart Container Corp. of Mich., 980 F. Supp. 584, 590 n.11 (D. Mass. 1997) (noting "[t]he related case rule enhances the administration of the court by avoiding piecemeal litigation and minimizing the occurrence of inconsistent decisions").

WHEREFORE, Defendants respectfully request that the Court grant this motion to redesignate the Derivative Action as a related case, and such other relief as is appropriate under the circumstances.

Dated: Boston, Massachusetts
February 11, 2005

Respectfully submitted,

Of Counsel:

Davis Polk & Wardwell
450 Lexington Avenue
New York, New York 10017
(212) 450-4000

_____
Michael S. Gardener, BBO #185040
Mintz, Levin, Cohn, Ferris, Glovsky
 and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Attorneys for Defendants

I hereby certify that a true copy of the

3

above document was served upon the
attorney of record for each party by
mail/hand on _2\11\v\_

SO ORDERED:

_____

U.S.D.J.

## RULE 7.1A(2) CERTIFICATE

On February 5, 2005, I conferred with Samuel Rosen, counsel for Richard Krantz, concerning redesignating this action as a related case to, or consolidating it with, In re CVS Corp. Securities Litig., C.A. No. 01-11464-JLT. Mr. Rosen opposes the motion.

                                          /s/ Trisha Lawson
                                          Trisha Lawson
                                          Attorney for Defendants

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail/hand on 2\11\05