04-12650

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| RICHARD KRANTZ, Derivatively on Behalf of Nominal Defendant CVS CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>THOMAS M. RYAN, DAVID B. RICKARD, THOMAS P. GERRITY, STANLEY P. GOLDSTEIN, MARIAN L. HEARD, TERRY R. LAUTENBACH, TERENCE MURRAY, SHELI Z. ROSENBERG, and WILLIAM H. JOYCE,<br><br>        Defendants,<br><br>    and<br><br>CVS CORPORATION,<br><br>        Nominal Defendant. | No. C.A. No.<br>01-11464-JLT |

**MEMORANDUM OF LAW IN SUPPORT OF DERIVATIVE PLAINTIFF'S**
**MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| I. | INTRODUCTION | 1 |
| II. | FACTUAL AND PROCEDURAL BACKGROUND | 1 |
| III. | THE SETTLEMENT | 3 |
| IV. | ARGUMENT | 5 |
|  | A.  Applicable Legal Standards | 5 |
|  | B.  The Court Should Grant Preliminary Approval of The Settlement and Approve the Proposed Notice to CVS Shareholders | 6 |
| V. | CONCLUSION | 6 |

**TABLE OF AUTHORITIES**

**Cases**                                                                 **Page**

AMCA Int'l Corp. v. Phipard,
    107 F.R.D. 394 (D. Mass. 1985) .............................. 4

Eichenholtz v. Brennan,
    52 F.3d 478 (3d Cir. 1995) ................................. 5

In re "Agent Orange" Prod. Liab. Litig.,
    597 F. Supp. 740 (E.D.N.Y. 1984) ......................... 6

In re Drexel Burnham Lambert Group,
    995 F.2d 1138 (2d Cir. 1993) .............................. 6

In re Employee Ben. Plans Sec. Litg.,
    No. 3-92-708,
    1993 WL 330595 (D. Minn. June 2, 1993) .................. 4

In re General Motors Corp. Pick-Up Truck
Fuel Tank Prods. Liab. Litig.,
    55 F.3d 768 (3d Cir. 1995) ............................... 4

In re Ikon Office Solutions Inc. Sec. Litg.,
    194 F.R.D. 166 (E.D. Pa. 2000) .......................... 6

In re Nasdaq Market-Makers Antitrust Litig.,
    176 F.R.D. 99 (S.D.N.Y. 1997) ............................ 5

Maher v. Zapata Corp.,
    714 F.2d 436 (2d Cir. 1983) .............................. 4

Shlensky v. Dorsey,
    574 F.2d 131 (3d Cir. 1978) .............................. 5

Weinberger v. Kendrick,
    698 F.2d 61 (2d Cir. 1982) ............................... 5

White v. National Football League,
    822 F.Supp. 1389 (D. Minn. 1993) ......................... 4

## I.  INTRODUCTION

Plaintiff Richard Krantz, on behalf of himself and derivatively on behalf of nominal defendant CVS Corporation ("CVS" or the "Company"), respectfully requests that the Court enter an Order in the form annexed as Exhibit A to the Stipulation of Settlement (the "Stipulation") filed contemporaneously herewith: (i) preliminarily approving the proposed settlement of the above-captioned action (the "Settlement"); (ii) approving the form and manner of providing notice of the Settlement to CVS shareholders; and (iii) scheduling a hearing to consider the final approval of the Settlement (the "Final Settlement Hearing"). Plaintiff respectfully submits that the Court should preliminarily approve the Settlement because public policy favors the settlement of litigation and because the Settlement is fair, reasonable and adequate under the applicable standards governing the settlement of shareholder derivative actions.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On December 17, 2004, the above-captioned shareholder derivative action was filed in the District of Massachusetts (the "Action").

Plaintiff herein alleges, inter alia, that the Individual Defendants, who are members of the CVS Board of Directors, breached their fiduciary duties under Delaware common law by failing to properly oversee and manage CVS' business and operations.

Plaintiff further alleges that various of the Individual Defendants concealed the fact that the Company was encountering significant problems that were having a materially negative impact on its financial results and future prospects. These problems included, among other things: (a) the fact that the Company was unable to successfully offset the increased pressure on gross margins that the growing percentage of lower margin pharmacy sales was having on the Company's income and earnings; (b) that a significant number of the pharmacies CVS had acquired over the past few years were underperforming, could not be relocated, and would need to be closed; and (c) that the ongoing pharmacist shortage was having an acute impact on CVS' operations, resulting in unreasonably long waits for customers to fill prescriptions and causing stores in a number of different markets to temporarily close or reduce hours, thereby resulting in the loss of sales and further reducing income and earnings.

On March 18, 2005, Defendants filed motions to dismiss the Action asserting, _inter alia_, that plaintiff lacks standing to sue on behalf of CVS because they neither made a pre-suit demand upon the CVS Board nor adequately pled that such a demand would have been futile and, in any event, the complaint fails to allege facts stating any claim for relief.

## III. **THE SETTLEMENT**

In full and final settlement of all claims asserted or referred to in the Derivative Actions, and all claims that have been and could be asserted against defendants in this action, defendants have agreed to substantially strengthen the Company's internal controls, processes and procedures through the adoption of a new set of corporate governance principles, which are attached as Exhibit A-1-A to the Stipulation. In addition to the substantial corporate governance changes, as a result of the initiation and prosecution of the Action, and its subsequent settlement plaintiff has helped to confer substantial financial benefits upon CVS, including: (a) helping to preserve and advance payment to CVS of funds from its insurers for payment of defense costs that otherwise may have been borne by CVS in connection with the resolution of the Class Action; and (b) helping to effectuate a global resolution of actions pending against CVS through participation in the settlement discussions.

Plaintiff has made the decision to enter into the Settlement with knowledge of the facts and circumstances underlying his claims and the strengths and weaknesses of those claims. In determining to settle the Action, Plaintiff has evaluated the materials reviewed through the investigation and confirmatory discovery and taken into account the expense and length of time necessary to prosecute the Action through trial, post-trial

motions, and likely appeals, and the significant uncertainties in predicting the outcome of this complex litigation. Plaintiff believes that the Settlement confers substantial benefits upon CVS. Based upon his consideration of all of these factors, Plaintiff and his counsel have concluded that the Settlement is fair, adequate, and reasonable, and that it is in the best interest of CVS and its shareholders to settle the Action on the terms set forth in the Stipulation.

IV. **ARGUMENT**

  A. **Applicable Legal Standards**

The law clearly favors settlement of disputed claims, especially in complex class action and shareholder derivative litigation. See, e.g., AMCA Int'l Corp. v. Phipard, 107 F.R.D. 394 (D. Mass. 1985) (negotiated settlements to be encouraged); White v. National Football League, 822 F.Supp. 1389, 1416 (D. Minn. 1993) (law favors consensual resolution of complex disputes); In re Employee Ben. Plans Sec. Litg., (No. 3-92-708 1993 WL 330595, (D. Minn. June 2, 1993)(general policy favoring settlement). In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 784 (3d Cir. 1995) ("The law favors settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation."); Maher v. Zapata Corp., 714 F.2d 436, 455 (2d Cir. 1983) (quoting Shimmel v. Gordon, 57 F.R.D. 481, 487 (S.D.N.Y.

1973) ("settlements of shareholder derivative actions are particularly favored because such litigation is 'notoriously difficult and unpredictable'"). In determining whether preliminary approval of the Settlement is warranted, the sole issue before the Court is whether the Settlement is within the range of what could be found to be fair, adequate, and reasonable so that notice should be given to CVS shareholders and a hearing scheduled to consider final approval of the Settlement. See, e.g., Eichenholtz v. Brennan, 52 F.3d 478, 482 (3d Cir. 1995); Shlensky v. Dorsey, 574 F.2d 131, 147 (3d Cir. 1978). Generally, the Court should grant preliminary approval unless the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies. See, e.g., In re Nasdaq Market-Makers Antitrust Litig., 176 F.R.D. 99, 102 (S.D.N.Y. 1997) (citing Manual for Complex Litigation, Third, § 30.41) (where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and falls within the range of possible approval, preliminary approval should be granted).

In considering the adequacy of the proposed notice of the Settlement, the Court should determine whether the proposed Settlement adequately informs shareholders of its terms and their opportunity to appear and be heard regarding any facet of the Settlement at the Final Settlement Hearing. See, e.g., Weinberger v. Kendrick, 698 F.2d 61, 70 (2d Cir. 1982).

**B.   The Court Should Grant Preliminary Approval of
The Settlement and Approve the Proposed Notice
to CVS Shareholders**

In the case at bar, the Court should grant preliminary approval of the Settlement because all the indicia of procedural fairness are present: arm's-length negotiations over an extended period of time, competent counsel, and adequate information regarding the strengths and weaknesses of the plaintiff's claims. See, e.g., In re "Agent Orange" Prod. Liab. Litig., 597 F. Supp. 740, 759 (E.D.N.Y. 1984). The Settlement is clearly within the range of what could be found to be fair, adequate, and reasonable, and therefore the Court should grant preliminary approval. Id. The Court should further approve the proposed Notice and Summary Notice of Settlement annexed as Exhibits A-1 and A-2 to the Stipulation because such notices adequately inform CVS shareholders of the terms of the Settlement and their opportunity to appear and be heard at the Final Settlement Hearing. See, e.g., In re Ikon Office Solutions Inc. Sec. Litg., 194 F.R.D. 166, 189 (E.D. Pa. 2000) (notice of proposed derivative settlement is adequate where it reasonably provided notice and appropriately gave information regarding the premises of the settlement.); In re Drexel Burnham Lambert Group, 995 F.2d 1138, 1144 (2d Cir. 1993).

**V.   CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order in the form annexed to the

Stipulation as Exhibit A preliminarily approving the Settlement, approving the proposed Notice and Summary Notice of the Settlement, and scheduling the Final Settlement Hearing.

DATED: June 7, 2005

                              Respectfully submitted,

                              WECHSLER HARWOOD LLP

By: _____
      Robert I. Harwood
      Samuel K. Rosen
      488 Madison Avenue
      New York, NY 10040
      Tel.:(212)935-7400
      Fax: (212)753-3630

      Laurence Cote
      63 Chatham Street, 3rd Floor
      Boston, MA 02109
      Tel.: (617) 557-0003
      Fax:  (617) 742-1506

      Attorneys for Plaintiff