## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD KRANTZ, Derivatively on ) | No. C.A. No. |
| Behalf of Nominal Defendant CVS ) | 01-11464 - JLT |
| CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THOMAS M. RYAN, DAVID B. RICKARD, ) | |
| THOMAS P. GERRITY, STANLEY P. GOLDSTEIN,) | |
| MARIAN L. HEARD, TERRY R. LAUTENBACH, ) | |
| TERENCE MURRAY, SHELI Z. ROSENBERG, ) | |
| and WILLIAM H. JOYCE, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| CVS CORPORATION, ) | |
| ) | |
| Nominal Defendant. ) | |
| ) | |

### STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation") is submitted pursuant to Rule 23.1 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into among plaintiff Richard Krantz ("Plaintiff") derivatively on behalf of nominal defendant CVS Corporation ("CVS" or the "Company") and Thomas M. Ryan, David B. Rickard, Thomas P. Gerrity, Stanley P. Goldstein, Marian L. Heard, Terence Murray, Sheli Z. Rosenberg, and William H. Joyce(collectively, the "Individual Defendants") by and through their respective counsel.

WHEREAS:

A. On December 17, 2004, the above-captioned stockholder derivative action was filed in the District of Massachusetts (the "Action").

B. Plaintiff herein alleges, inter alia, that the Individual Defendants, who are members of the CVS Board of Directors, breached their fiduciary duties under Delaware common law by failing to properly oversee and manage CVS' business and operations. Plaintiff further alleges that various of the Individual Defendants knew or should have known that the Company was encountering significant problems that were having a materially negative impact on its financial results and future prospects. Specifically, plaintiff alleges that, among other things, the Individual Defendants knew or should have known that: (a) the Company was unable to successfully offset the increased pressure on gross margins that the growing percentage of lower margin pharmacy sales was having on the Company's income and earnings; (b) a significant number of the pharmacies CVS had acquired over the past few years were underperforming, could not be relocated, and would need to be closed; and (c) the ongoing pharmacist shortage was having an acute impact on CVS' operations, resulting in unreasonably long waits for customers to fill prescriptions and causing stores in a number of different markets to temporarily close or reduce hours, thereby resulting in the loss of sales and further reducing income and

2

earnings. Plaintiff asserts a claim on behalf of CVS against the Individual Defendants for violations of Delaware law governing fiduciary duties.

C.    On March 18, 2005, the Individual Defendants and CVS moved to dismiss the Action asserting inter alia, that Plaintiff lacks standing to sue on behalf of CVS because they neither made a pre-suit demand upon the CVS Board nor adequately pled that such a demand would have been futile and, in any event, the complaint fails to allege facts stating any claim for relief.

D.    The Defendants have denied, and continue to deny, each and every allegation of liability and wrongdoing on their part and assert that the claims asserted against them are without merit and fail to state a cause of action; deny that they breached any duty, violated any law or engaged in wrongdoing of any form; and believe that they have strong factual and legal defenses to all claims alleged. The Defendants have agreed to this Stipulation and the Settlement provided herein solely in order to fully and finally settle and dispose of all claims that have been or could have been raised in the Action and to avoid the continuing burden, expense, inconvenience and distraction of this protracted litigation.

E.    The parties to this Stipulation acknowledge that the Action has been filed by Plaintiff and defended by CVS and the Individual Defendants in good faith and with adequate basis in fact under Federal Rule of Civil Procedure 11, that the action is being

3

voluntarily settled after advice of counsel, and that the terms of the settlement are fair, adequate and reasonable and in the best interests of CVS and its stockholders.

F.   Plaintiff, by his counsel, has conducted protracted and substantively difficult discussions and arm's-length negotiations with respect to a compromise and settlement of the Action with a view to settling all of the issues in dispute and achieving the best relief possible, under prevailing circumstances, consistent with the interests of the Company and its stockholders.

G.   Plaintiff, by his counsel, has also conducted discovery to determine whether the terms of this Stipulation are fair and appropriate.

H.   The undersigned counsel for Plaintiff has concluded, based on discovery and analysis, that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiff and its stockholders, and has agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial benefits that the Company will receive from settlement of the litigation, (b) the attendant risks of the litigation, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

NOW THEREFORE, without any admission or concession on the part of Plaintiff of any lack of merit of the Action whatsoever, and

4

without any admission or concession on the part of CVS or the Individual Defendants as to the merits of the Action, or as to any liability or wrongdoing whatsoever by CVS or the Individual Defendants, it is hereby STIPULATED AND AGREED, by and among the parties to this Stipulation, through their respective attorneys, subject to approval of the Court pursuant to Federal Rule of Civil Procedure 23.1, in consideration of the benefits flowing to the parties hereto from the Settlement, that all Settled Claims (as defined below) as against the Released Parties (as defined below) shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

## CERTAIN DEFINITIONS

1. As used in this Stipulation, the following terms shall have the following meanings:

- (a) "Court" means the United States District Court for the District of Massachusetts.
- (b) "CVS' and the Individual Defendants' Counsel" means the law firm of Davis Polk & Wardwell.
- (c) "CVS Stockholder" shall mean each record holder of CVS shares as of the date this Stipulation is fully executed;
- (d) "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth below.

5

(e) "Final" means that an Order is no longer subject to reversal, modification or amendment. For the purposes hereof an Order shall become "Final" upon the expiration of any time for appeal or review of such Order, or, if any appeal, motion for re-argument or reconsideration is timely filed and not dismissed, after such appeals or motions are decided without causing a material change in the Order, or after such Order is upheld on appeal and is no longer subject to review upon appeal or review by writ of certiorari.

(f) "Notice" means the Notice of Pendency of Stockholder Derivative Action and Hearing On Proposed Settlement, substantially in the form attached hereto as Exhibit 1 to Exhibit A hereof.

(g) "Order and Final Judgment" means the proposed order to be entered approving the Settlement substantially in the form attached hereto as Exhibit B.

(h) "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership,

6

partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

(i) "Plaintiff's Counsel" means Wechsler Harwood LLP.

(j) "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof, substantially in the form attached hereto as Exhibit A.

(k) "Releasing Parties" means CVS Stockholders and Plaintiff (individually, on behalf of all CVS Stockholders, and derivatively on behalf of CVS) and their heirs, executors, administrators, successors and assigns and all persons acting in concert with any such person.

(l) "Released Parties" means CVS and Thomas M. Ryan, David B. Rickard, Thomas P. Gerrity,

7

Stanley P. Goldstein, Marian L. Heard, Terry R. Lautenbach, Terence Murray, Sheli Z. Rosenberg, and William H. Joyce, and their current or former respective agents, servants, attorneys, insurers, investment advisors, underwriters, officers, directors, employees, partners, subsidiaries, affiliates (within the meaning of Rule 12b-2 of the Securities Exchange Act of 1934), stockholders, heirs, executors, representatives, parents, predecessors, successors, assigns, trusts, benefits committees, special litigation committees and other individual or entity in which it, he, or she has a controlling interest or which is related to or affiliated with any of them or any of the parties listed above.

(m) "Settled Claims" means any and all direct or derivative claims, rights, causes of action or rights to seek recovery for liabilities, damages, losses, attorneys' fees, costs or expenses whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation (whether foreign

8

or domestic), including both known claims and Unknown Claims (as defined below), accrued claims and not accrued claims, foreseen claims and unforeseen claims, matured claims and not matured claims, that have been or could have been asserted from the beginning of time to the date of the entry of the Order and Final Judgment in any forum by CVS or any CVS Stockholder on behalf of CVS against any of the Released Parties which arise out of or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that could have been asserted in the Action or that arise out of or relate in any way to the resolution of the Action including this Stipulation and Settlement and any actions or inactions relating thereto.

(n) "Settlement" means the settlement contemplated by this Stipulation.

(o) "Summary Notice" means the form of Notice of Pendency of Stockholder Derivative Actions and Hearing on Proposed Settlement, substantially

9

in the form attached hereto as Exhibit 2 to Exhibit A hereof, which is to be published in accordance with terms set forth in ¶ 6(a) of this Stipulation.

(p)   "Unknown Claims" means any Settled Claim which any Plaintiff or CVS or CVS stockholder does not know or suspect to exist, on behalf of the Company, at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her, or its decision not to object to this Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2.   The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and any and all Settled Claims as against any and all Released Parties.

3.   By operation of the Order and Final Judgment, upon the Effective Date of this Settlement:

(a)   The Releasing Parties with respect to each and every Settled Claim, waive, release, forever discharge and dismiss and agree not to institute, maintain or prosecute any or all Settled Claims against any or all of the Released Parties, and shall be permanently and

10

finally enjoined, without the necessity of posting a bond, from commencing or prosecuting any actions or other proceedings asserting any of the Settled Claims either directly, representatively, derivatively, or in any other capacity against any of the Released Parties herein. This release and injunction expressly extends to all Settled Claims covered by this Stipulation and all Releasing Parties. The Releasing Parties shall be deemed to have fully, finally and forever released, relinquished and discharged each and every derivative or direct claim, right, cause of action and right to seek recovery for liabilities, damages, losses, attorneys' fees, costs or expenses, whether suspected or unsuspected, matured or unmatured, including both known claims and Unknown Claims, and whether based upon federal, state or local statutory or common law, or any other rule or regulation that both: (i) has been, or could have been, asserted in any forum by Plaintiff or any other stockholder, derivatively, or by CVS directly; and (ii) arises out of, or is in

11

any way based upon, connected with or related to any fact, matter, transaction, prospectus, registration statement, proxy statement, annual report (initial or restated), quarterly earnings report (initial or restated), press release or other report or other publicly disseminated documents or public statements of CVS, against any of the Released Parties.

(b)   The Released Parties, shall release and forever discharge any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the heirs, executors, representatives, successors or assigns of any of them against Plaintiff or his attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement) and shall forever be

12

> enjoined from prosecuting such claims against
> Plaintiff or his attorneys.

4.     The releases provided for in paragraph 3 of this Stipulation, the Stipulation and the Settlement shall be without prejudice to and shall in no way affect any claim that could be asserted by CVS or any of the Individual Defendants as an insured under any directors' and officers' insurance policies.

5.     With respect to any and all Settled Claims, the parties stipulate and agree that, upon the Effective Date, the Plaintiff, CVS, and all CVS Stockholders on behalf of CVS shall be deemed to have, and by operation of the Order and Final Judgment, shall have expressly waived with respect to the Settled Claims the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." The Plaintiff and CVS shall have expressly waived, and each CVS Stockholder shall be deemed to have, and by operation of the Order and Final Judgment shall have expressly waived with respect to the Settled Claims, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or principle of common law which is similar,

13

comparable or equivalent to California Civil Code § 1542. The Plaintiff and the Settling Defendants acknowledge, and the CVS Stockholders shall be deemed by operation of the Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## THE SETTLEMENT CONSIDERATION

6.    CVS acknowledges that the pendency and prosecution of the Action and communications from counsel for the Plaintiff were a substantial contributing factor in the Company's decision to implement the following corporate governance changes:

   (a) CVS will bring the following matters before its Disclosure Committee, composed of senior company officers, who establish control activities and information and communication processes, and are responsible for monitoring to ensure timely and accurate disclosure:

   1.    Anticipated material write-offs and restructuring charges;

   2.    Entry into a material transaction involving the exchange of inventory for barter credits; and

14

3.   Staffing limitations resulting in chronic reductions in pharmacy hours of operation.

(b)   Unless otherwise decided by CVS' Audit Committee, the Chief Financial Officer of the Company shall convene a telephonic meeting with the Audit Committee before each quarterly earnings release for the express purpose of reviewing the earnings press release with the Audit Committee prior to publication.

7.   CVS and the Individual Defendants acknowledge that the initiation and prosecution of this lawsuit facilitated their ability to reach an agreement in principle with certain of their insurers that provide the Company with substantial insurance proceeds that will relieve the Company of some of the costs it otherwise would have borne in connection with the recent resolution of In re CVS Corporation Securities Litigation, C.A. No. 01-11464 (JLT) (the "CVS Securities Litigation").

## COURT APPROVAL AND NOTICE

8.   As soon as practicable after the execution of this Stipulation, the parties shall jointly apply for entry of an order by the Court (the "Preliminary Approval Order"), substantially in the form of Exhibit A annexed hereto, which will:

15

(a) set a date for a hearing (the "Settlement Hearing") to determine whether the Settlement should be approved pursuant to Federal Rule of Civil Procedure 23.1 as reasonable, adequate and in the best interests of CVS and to consider other matters, including an application by Plaintiffs' Counsel for an award of attorneys' fees and expenses in the Action;

(b) approve the form of the Notice of Proposed Settlement of Stockholder Derivative Action and Settlement Hearing (the "Notice"), substantially in the form attached as Exhibit 1 to Exhibit A;

(c) approve the form of the Summary Notice of Proposed Settlement, substantially in the form attached as Exhibit 2 to Exhibit A, to be published once each, in size not less than one-eighth (1/8) of a page, in each national edition of The New York Times and The Wall Street Journal;

(d) find that the methods of providing notice that are set forth in the Preliminary Approval Order constitute the best notice practicable

16

> under the circumstances and meet all the requirements of Federal Rule of Civil Procedure 23.1 and due process.

9.   CVS will be responsible for and will cause to be paid the costs of printing and mailing the Notice (Exhibit 1 to Exhibit A) and publication of the Summary Notice (Exhibit 2 to Exhibit A). Under no circumstances shall Plaintiff or the Individual Defendants be responsible for the costs of printing, mailing or publishing notice or any related expenses.

10.   Prior to the Settlement Hearing, Plaintiffs' Counsel shall prepare and file a motion seeking Court approval of the Settlement as reasonable and adequate and in the best interests of CVS.

11.   If the Settlement is approved by the Court at or after the Settlement Hearing, the parties hereto shall jointly request that the Court enter an Order and Final Judgment substantially in the form of Exhibit B hereto (the "Order and Final Judgment").

## ATTORNEYS' FEES AND EXPENSES

12.   Plaintiff's Counsel will apply to the Court for an award of attorneys' fees not to exceed $750,000, inclusive of all costs and expenses. CVS and the Individual Defendants agree not to oppose such application. Such attorneys' fees and expenses as are awarded by the Court shall be paid only from the monies being paid

17

by CVS' insurance carriers to fund the settlement of this Action
and the CVS Securities Litigation, shall not be a separate payment
by or on behalf of CVS and/or the Individual Defendants, and shall
be payable within five (5) business days of approval from the Court
or the Effective Date, whichever is later. A fee award that is
less than the amount requested by Plaintiff shall not be grounds
for termination or cancellation of the Settlement.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

13. The Effective Date of this Settlement shall be the
date when all the following shall have occurred:

> (a) entry of the Preliminary Approval Order in all
> material respects in the form annexed hereto
> as Exhibit A;
>
> (b) approval by the Court of the Settlement,
> following notice to CVS Stockholders and a
> hearing, as required by Federal Rule of Civil
> Procedure 23.1;
>
> (c) an Order and Final Judgment, in all material
> respects in the form set forth in Exhibit B
> annexed hereto, has been entered by the Court
> and has become Final, or, in the event that
> the Court enters an order and final judgment
> in a form other than that provided above
> ("Alternative Judgment") and none of the

18

parties hereto elects to terminate this
Settlement, the date that such Alternative
Judgment becomes Final.

14. CVS or Plaintiff, each at his or its discretion,
shall have the right to terminate the Settlement and this
Stipulation by providing written notice of their election to do so
("Termination Notice") to all other signatories hereto, within
thirty (30) days of: (a) the Court's declining to enter the
Preliminary Approval Order in any material respect; (b) the Court's
refusal to approve this Stipulation or any material part of it; (c)
the Court's declining to enter the Order and Final Judgment in any
material respect; (d) the date upon which the Order and Final
Judgment is modified or reversed in any material respect by the
Court of Appeals or the Supreme Court; or (e) the date upon which
an Alternative Judgment is modified or reversed in any material
respect by the Court of Appeals or the Supreme Court.

15. CVS shall have the right to terminate the Settlement
and this Stipulation by providing Termination Notice to all other
signatories hereto within thirty (30) days of (a) the Company's
failing to finalize a settlement with its insurance companies, or
(b) termination or disapproval of the settlement in the CVS
Securities Litigation.

16. Except as otherwise provided herein, in the event
the Settlement is terminated or fails to become effective for any

19

reason, then the parties to this Stipulation shall be deemed to have reverted to their respective status in the Action immediately prior to the signing of the Stipulation.

## NO ADMISSION OF WRONGDOING

17. This Stipulation, whether or not consummated, and any proceedings taken pursuant to it, shall not be:

> (a) offered or received against CVS or the Individual Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by CVS or any of the any Defendants with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of CVS or the Individual Defendants;
>
> (b) offered or received against CVS or the Individual Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by CVS or any Individual Defendant, or against the Plaintiff or CVS

20

Stockholders as evidence of any infirmity in the claims of Plaintiff or any CVS Stockholder;

(c) offered or received against CVS or the Individual Defendants or against the Plaintiff or any CVS Stockholder as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, CVS or the Individual Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d) construed as, or received in evidence as, an admission, concession or presumption against Plaintiff or any CVS Stockholder that any of their claims are without merit or that damages are unrecoverable.

21

## **MISCELLANEOUS PROVISIONS**

18. Each Exhibit attached hereto is hereby incorporated by reference as though fully set forth herein.

19. The parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Releasing Parties and their attorneys against the Released Parties with respect to the Settled Claims. Accordingly, Plaintiff, CVS, and the Individual Defendants agree not to assert in any forum that the Action was brought by Plaintiff or defended by CVS or the Individual Defendants in bad faith or without a reasonable basis. The parties hereto shall assert no claims of any violation of Federal Rule of Civil Procedure 11 relating to the prosecution, defense, or settlement of the Action. The parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the parties with the assistance of the Court, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

20. This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all parties hereto or their successors-in-interest.

21. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

22. The administration and consummation of the

22

Settlement as embodied in this Stipulation shall be under the authority of the Court and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Plaintiff's counsel and enforcing the terms of this Stipulation.

23. The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

24. This Stipulation and its exhibits constitute the entire agreement among the parties hereto concerning the Settlement of the Action, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

25. This Stipulation may be executed in one or more original and/or faxed counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Stipulation shall exchange among themselves original signed counterparts.

26. This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

27. The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by New York Law without regard to

23

conflicts of laws, except to the extent that federal law requires that federal law govern.

28. This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and all parties have contributed substantially and materially to the preparation of this Stipulation.

29. All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

30. Plaintiff's Counsel, CVS Counsel and Individual Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

24

DATED: June 7, 2005

WECHSLER HARWOOD LLP

By: _____
     Robert I. Harwood
     Samuel K. Rosen
     488 Madison Avenue 8th Floor
     New York, New York 10022
     Tel: (212) 935-7400
     Fax: (212) 753-3630

     Plaintiff's Counsel


DAVIS POLK & WARDWELL

By: _____
     Dennis E. Glazer
     Trisha L. Lawson
     450 Lexington Avenue
     New York, NY 10017
     Tel.: (212) 450-4000
     Fax:  (212) 450-3800

     Counsel for Individual Defendants
     and Nominal Defendant
     CVS Corporation

25

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD KRANTZ, Derivatively on Behalf of Nominal Defendant CVS CORPORATION, | ) No. C.A. No.<br>) 01-11464 - JLT |
| Plaintiff, | |
| v. | |
| THOMAS M. RYAN, DAVID B. RICKARD, THOMAS P. GERRITY, STANLEY P. GOLDSTEIN, MARIAN L. HEARD, TERRY R. LAUTENBACH, TERENCE MURRAY, SHELI Z. ROSENBERG, and WILLIAM H. JOYCE, | |
| Defendants, | |
| and | |
| CVS CORPORATION, | |
| Nominal Defendant. | |

### ORDER REGARDING PRELIMINARY APPROVAL AND NOTICE

WHEREAS, as of June ____, 2005, certain parties to the above-captioned action (the "Action") entered into a Stipulation of Settlement (the "Stipulation") which is subject to review under Federal Rule of Civil Procedure 23.1 and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement (the "Settlement") of the claims alleged in the Action with prejudice upon the terms and conditions set forth in

### EXHIBIT A

the Stipulation; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this   day of ___
_____ 2005, that:

1.   For the purposes of this Settlement only, the Court finds that the Action was properly brought as a stockholder derivative action for and on behalf of CVS, and that Plaintiff fairly and adequately represents the interests of stockholders similarly situated in enforcing the rights of CVS.

2.   A hearing (the "Final Settlement Hearing") is hereby scheduled to be held before the Court on _____, 2005 at ____ for the following purposes:

> (a)   to determine whether the proposed Settlement is fair, reasonable, adequate and in the best interests of CVS and CVS Stockholders, including Plaintiff, and whether the Settlement should be finally approved by the Court;
>
> (b)   to determine whether the Order and Final Judgment as provided for under the terms of the Stipulation should be entered, dismissing

2

the complaint filed in the Action with prejudice; and to determine whether releases should be provided to the Released Parties, as defined and set forth in the Stipulation;

(c) to consider whether to award Plaintiff's Counsel the fees and expenses as set forth in the Stipulation; and

(d) to rule upon such other matters as the Court may deem appropriate.

3.    The Court reserves the right to: (a) approve the Settlement, with such modifications as may be agreed to by counsel for the parties to the Settlement consistent with such Settlement, without further notice to CVS Stockholders; and (b) continue or adjourn the Final Settlement Hearing from time to time, by oral announcement at the hearing or at any adjournment thereof, without further notice to CVS Stockholders.

4.    The Court approves the form, substance and requirements of the Notice of Settlement of Stockholder Derivative Litigation (the "Notice") annexed hereto as Exhibit 1 and the "Summary Notice" annexed hereto as Exhibit 2.

5.    CVS shall:

(a) cause to be mailed by First Class Mail to each CVS Stockholder, the Notice substantially in the form attached hereto as Exhibit 1;

3

(b)   cause to be published once each in each national edition of The New York Times and The Wall Street Journal the Summary Notice substantially in the form attached as Exhibit 2 to the Preliminary Approval Order. Each such Summary Notice shall not be less than one-eighth (1/8) of a page;

(c)   bear all expenses of providing the foregoing means of notifying CVS Stockholders of the Settlement.

6.   The form and method set forth herein of notifying CVS Stockholders of the Settlement and its terms and conditions meet the requirements of the Federal Rules of Civil Procedure and due process, and shall constitute due and sufficient notice to all Persons and entities entitled hereto.

7.   Plaintiff's counsel is authorized to act on behalf of CVS Stockholders with respect to all acts required by the Stipulation or such other acts which are reasonably necessary to consummate the Settlement set forth in the Stipulation.

8.   Any CVS Stockholder may appear and show cause, if he, she or it has any reason why the Settlement of the Action embodied in the Stipulation should not be approved as fair, reasonable and adequate, or why a judgment should or should not be entered hereon, or why the fees and expenses should not be awarded;

provided however, that no CVS Stockholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Order and Final Judgment to be entered hereon, unless that CVS Stockholder has caused to be filed written objections, stating all supporting bases and reasons for the objection; setting forth proof of current ownership of CVS stock as well as documentary evidence of when such stock ownership was acquired; clearly identifying any and all witnesses, documents and other evidence of any kind that are to be presented at the Final Settlement Hearing in connection with such objections; and further setting forth the substance of any testimony to be given by such witnesses, with:

> CLERK OF THE COURT
> United States District Court
> for the District of Massachusetts
> One Courthouse Way
> Boston, MA 02210

on or before _____, 2005 and has served copies of all such papers at the same time upon the following by fax, by hand or by overnight mail:

Robert I. Harwood, Esq.
WECHSLER HARWOOD LLP
488 Madison Avenue, 8th Floor
New York, NY 10022
Fax: (212) 753-3630

**Counsel for Plaintiff**

Dennis E. Glazer, Esq.
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
Fax: (212) 212-450-3800

**Counsel for Individual Defendants and Nominal Defendant CVS Corporation**

Any CVS Stockholder wishing to be heard at the Final Settlement

5

Hearing is required to include a notice of intention to appear at the Final Settlement Hearing together with his/her or its written objection.

9.    Any CVS Stockholder who does not make his, her, or its objection in substantially the manner provided in the preceding paragraph of this Order shall be deemed to have waived such objection and shall forever be foreclosed from: (i) making any objections to the fairness, adequacy, or reasonableness of the Settlement; or (ii) making any objections to the fairness and reasonableness of the fees and expenses.

10.   If the Settlement is terminated pursuant to the terms of the Stipulation then in any such event, the Stipulation, including any amendment(s) thereof, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any Person or entity, and each party shall be restored to his, her, or its respective position as it existed prior to entry of this Order.

11.   All CVS Stockholders shall be bound by the applicable determinations and orders, and the Judgment, whether favorable or unfavorable to any of them.

12.   Pending final determination of whether the Settlement should be approved, the Plaintiff, all CVS Stockholders, and each of them, and anyone who acts or purports to act on their

6

behalf, shall not institute, commence or prosecute any action which

asserts Settled Claims against any Released Party.

DATED: June    , 2005

_____

Joseph L. Tauro, U.S.D.J.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| RICHARD KRANTZ, Derivatively on Behalf of Nominal Defendant CVS CORPORATION, )<br><br>Plaintiff, )<br><br>v. )<br><br>THOMAS M. RYAN, DAVID B. RICKARD, THOMAS P. GERRITY, STANLEY P. GOLDSTEIN, MARIAN L. HEARD, TERRY R. LAUTENBACH, TERENCE MURRAY, SHELI Z. ROSENBERG, and WILLIAM H. JOYCE, )<br><br>Defendants, )<br><br>and )<br><br>CVS CORPORATION, )<br><br>Nominal Defendant. ) | No. C.A. No.<br>01-11464 - JLT |

**NOTICE OF PENDENCY AND SETTLEMENT**
**OF STOCKHOLDER DERIVATIVE ACTION**

TO:  ALL HOLDERS OF CVS CORPORATION COMMON STOCK AS OF JUNE 7, 2005.

PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. YOUR RIGHTS WILL BE AFFECTED.

THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF A Stockholder DERIVATIVE ACTION AND CLAIMS ASSERTED THEREIN ON BEHALF OF CVS. YOUR RIGHTS MAY BE AFFECTED BY THIS NOTICE.

**EXHIBIT 1**

## PURPOSE OF THIS NOTICE

1.     This Notice is given pursuant to Federal Rule of Civil Procedure 23.1 and by an Order of the United States District Court for the District of Massachusetts following the execution of a Stipulation of Settlement signed by the parties on June 7, 2005 (the "Stipulation"). The purpose of the Notice is to advise you that a stockholder derivative lawsuit is now pending in this Court and that the parties thereto have reached a proposed settlement (the "Settlement") which would resolve these actions against defendants Thomas M. Ryan, David B. Rickard, Thomas P. Gerrity, Stanley P. Goldstein, Marian L. Heard, Terry R. Lautenbach (deceased), Terence Murray, Sheli Z. Rosenberg, and William H. Joyce (collectively, the "Individual Defendants") and nominal defendant CVS on the terms and conditions summarized in this Notice and set forth in the Stipulation and that a Final Settlement Hearing will be held on _____, 2005 at____, before the Honorable Joseph L. Tauro, United States District Court for the District of Massachusetts, Courtroom ___, One Courthouse Way, Boston, MA 02210 to consider the fairness, reasonableness and adequacy of the Settlement, and the request for payment of attorneys' fees and expenses to Plaintiff's counsel.

THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF ANY CLAIMS OR ANY DEFENSES ASSERTED BY ANY PARTY IN THE ACTION OR OF THE FAIRNESS, REASONABLENESS, OR ADEQUACY OF THE PROPOSED SETTLEMENT.

## DEFINITIONS

2.     "Court" means the United States District Court for the District of Massachusetts.

3.     "Derivative Action" means <u>Krantz v. Ryan, et al</u>, Case No. 01-11464 - JLT.

4.     "Settlement" means the settlement contemplated by the Stipulation.

5.     "CVS" means CVS Corporation, a Delaware Corporation.

6.     "CVS Common Stock" means the common stock of CVS.

7.     "CVS Stockholders" mean all record owners of CVS Common Stock as of June 7, 2005.

8.     "Summary Notice" means the form of Notice of Pendency of Stockholder Derivative Actions and Hearing on the

2

Proposed Settlement, which is to be published in accordance with terms set forth in paragraph 8(c) of the Stipulation.

9.    "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof.

10.    "Order and Final Judgment" means the proposed order to be entered approving the settlement substantially in the form attached to the Stipulation.

11.    "Final Settlement Hearing" means a hearing that will be held by the Court to consider whether the Settlement should be approved by the Court as fair, reasonable and adequate to CVS and its stockholders, including plaintiff, and whether the Order and Final Judgment should be entered.

## BACKGROUND OF THE DERIVATIVE LITIGATION

12.    On   December   17,   2004,   the   above-captioned stockholder derivative action (the "Action") was filed in the District of Massachusetts.

13.    Plaintiff herein alleges inter alia, that the Individual Defendants, who are members of the CVS Board of Directors, breached their fiduciary duties under Delaware common law by failing to properly oversee and manage CVS' business and operations.    Plaintiff further alleges that various of the Individual Defendants concealed the fact that the Company was encountering significant problems that were having a materially negative impact on its financial results and future prospects. These problems included, among other things: (a) the fact that the Company was unable to successfully offset the increased pressure on gross margins that the growing percentage of lower margin pharmacy sales was having on the Company's income and earnings; (b) that a significant number of the pharmacies CVS had acquired over the past few years were underperforming, could not be relocated, and would need to be closed; and (c) that the ongoing pharmacist shortage was having an acute impact on CVS' operations, resulting in unreasonably long waits for customers to fill prescriptions and causing stores in a number of different markets to temporarily close or reduce hours, thereby resulting in the loss of sales and further reducing income and earnings.

14.    On March 18, 2005, the Individual Defendants and CVS moved to dismiss the Action asserting inter alia, that plaintiff lacks standing to sue on behalf of CVS because he neither made a pre-suit demand upon the CVS Board nor adequately pled that such a

demand would have been futile and, in any event, the complaint fails to allege facts stating any claim for relief.

15. Plaintiff and Defendants have reached an agreement to settle the Action on terms that are summarized herein. The parties, through their counsel, have engaged in substantial arm's-length negotiations in an effort to resolve all claims that have been or could be asserted in the Action, including conducting numerous meetings and conferences where the terms of the agreements detailed herein were extensively debated and negotiated.

16. Counsel for Plaintiff, has conducted and completed extensive research, discovery and investigation, including without limitation: (1) inspection and analysis of documents produced by CVS; (2) review of CVS' public filings, press releases and other public statements; and (3) consultation with experts.

## TERMS OF THE SETTLEMENT

17. In the Stipulation, CVS agreed to adopt meaningful governance reforms. These enhancements are detailed in the Corporate Governance Term Sheet, which is attached to this Notice as Exhibit A.

18. The Settlement calls for CVS and plaintiff (on behalf of himself, all CVS Stockholders and CVS) to release all Settled Claims, as defined in the Stipulation. In summary, the release encompasses all claims, both known and unknown (as defined in the Stipulation) that have been or could have been asserted by CVS or by any CVS Stockholder on behalf of CVS against the Individual Defendants and related entities (defined in the Stipulation as "Released Parties") which arise out of or relate to the allegations asserted or that could have been asserted in the Action or that arise out of or relate to the resolution of the Action including the Settlement; all claims arising out of this Action against CVS by the Individual Defendants; and all claims arising out of this Action against plaintiff and the CVS stockholders by defendants.

## PLAINTIFF'S COUNSEL'S POSITION CONCERNING SETTLEMENT

19. Plaintiff's Counsel has carefully considered and evaluated, among other things, the interests of CVS in resolving the Action with as little disruption to the Company's affairs as is consistent with securing relief, the relevant legal authorities and evidence to support the claims asserted against the Individual Defendants, the likelihood of prevailing on those claims, the Individual Defendants' respective abilities to pay any judgment,

4

and the likely appeals and subsequent proceedings necessary if plaintiffs were to prevail against the Individual Defendants. Plaintiff's Counsel has concluded that the proposed Settlement is fair, reasonable, adequate and in the overall best interests of CVS and its stockholders.

### DEFENDANTS' POSITION CONCERNING SETTLEMENT

20.   The Individual Defendants and CVS have denied and continue to deny that they are liable as a result of any or all of the allegations contained in the Action, and are entering into the Settlement in order to eliminate the burden, distraction, expenses and uncertainty of further litigation.

### ATTORNEYS' FEES AND EXPENSES OF PLAINTIFF'S COUNSEL

21.   Plaintiff's counsel has not received any payment for work in connection with the Action, nor been reimbursed for out-of-pocket expenses. Plaintiff, through his counsel, participated in the settlement negotiations relating to the Action and was a significant factor in obtaining corporate governance enhancements and additional insurance proceeds from the Company's insurance carriers. Counsel for plaintiff intends to apply to the Court for approval of an award of fees and expenses in an amount, not to exceed $750,000, such fees and expenses to be paid from the monies being paid by CVS' insurance carriers to fund the settlement of this Action and a related securities action. CVS and the Individual Defendants have agreed not to oppose a request for fees and expenses up to $750,000 if the proposed Settlement is approved by the Court.

### CONDITIONS TO SETTLEMENT

22.   The Stipulation contains conditions, certain of which may be waived by CVS, which must be satisfied for the parties to be required to complete the Settlement.

### NOTICE OF HEARING ON PROPOSED SETTLEMENT

23.   A Final Settlement Hearing will be held on _____, 2005 at__.m. before the Honorable _____ in Courtroom ____, One Courthouse Way, Boston, MA  02210.   The purpose of the Final Settlement Hearing will be to: (a) determine whether the Settlement should be approved as fair, reasonable and adequate; (b) hear plaintiff's application for an award of attorneys' fees and expenses; and (c) rule upon any other matters that come before the Court.

5

24.   The Court may adjourn the Final Settlement Hearing by oral announcement at such hearing or without further notice of any kind. The Court may approve the Settlement with or without modification, enter an Order and Final Judgment, and order the payment of the fees and expenses without further notice of any kind.

## THE RIGHT TO BE HEARD AT THE SETTLEMENT HEARING

25.   Any CVS Stockholder may appear and show cause, if he, she, or it has any reason why the Settlement of the Action embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered hereon, or why the fees and expenses should not be awarded; provided however, that no CVS Stockholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Order and Final Judgment to be entered hereon, unless that CVS Stockholder has caused to be filed written objections, stating all supporting bases and reasons for the objection; setting forth proof of current ownership of CVS stock as well as documentary evidence of when such stock ownership was acquired; clearly identifying any and all witnesses, documents and other evidence of any kind that are to be presented at the Final Settlement Hearing in connection with such objections; and further setting forth the substance of any testimony to be given by such witnesses, with:

CLERK OF THE COURT
United States District Court
for the District of Massachusetts
One Courthouse Way
Boston, MA 02210

on or before_____, 2005 and has served copies of all such papers at the same time upon the following by fax, by hand, or by overnight mail:

Robert I. Harwood, Esq.
WECHSLER HARWOOD LLP
488 Madison Avenue, 8th Floor
New York, NY 10022
Fax: (212) 753-3630

Dennis E. Glazer, Esq.
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, NY 10017
Fax: (212) 212-450-3800

**Counsel for Plaintiff**

**Counsel for Individual Defendants and Nominal Defendant CVS Corporation**

Any CVS Stockholder wishing to be heard at the Final Settlement

Hearing is required to include a notice of intention to appear at the Final Settlement Hearing together with his, her, or its written objection.

26.   Any CVS Stockholder who does not make his, her, or its objection in substantially the manner provided in the preceding paragraph of this Order shall be deemed to have waived such objection and shall forever be foreclosed from: (a) making any objections to the fairness, adequacy, or reasonableness of the Settlement; or (b) making any objections to the fairness and reasonableness of the fees and expenses.

## FURTHER INFORMATION

27.   Further information regarding the Action and this Notice may be obtained by writing Plaintiff's counsel: Robert I. Harwood, Esq., Wechsler Harwood LLP, 488 Madison Avenue, 8th Floor, New York, New York 10022.

28.   The pleadings and other records of the Action as well as the Stipulation filed with the Court may be examined and copied at any time during regular office hours at the Office of the Clerk, United States District Court for the District of Massachusetts, One Courthouse Way, Boston, MA 02210. Additionally, the Stipulation, this Notice and certain other documents may be examined on the website of plaintiff's counsel http://www.whesq.com.

**Please Do Not Telephone The Court or The Clerk's Office Regarding This Notice.**

Dated: June  , 2005

                              BY ORDER OF THE COURT
                              UNITED STATES DISTRICT COURT
                              DISTRICT OF MASSACUSETTS

7

## EXHIBIT A

1.     CVS shall bring the following matters before its Disclosure Committee:

> (a)  Anticipated    material    write-offs    and restructuring charges;
>
> (b)  Entry into a material transaction involving the exchange of inventory for barter credits; and
>
> (c)  Staffing limitations resulting in chronic reductions in pharmacy hours of operation.

2.     Unless otherwise decided by CVS' Audit Committee, the Chief Financial Officer of the Company shall convene a telephonic meeting with the Audit Committee before each quarterly earnings release for the express purpose of reviewing the earnings press release with the Audit Committee prior to publication.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| RICHARD KRANTZ, Derivatively on ) | No. C.A. No. |
| Behalf of Nominal Defendant CVS ) | 01-11464 - JLT |
| CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THOMAS M. RYAN, DAVID B. RICKARD, ) | |
| THOMAS P. GERRITY, STANLEY P. GOLDSTEIN,) | |
| MARIAN L. HEARD, TERRY R. LAUTENBACH, ) | |
| TERENCE MURRAY, SHELI Z. ROSENBERG, ) | |
| and WILLIAM H. JOYCE, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| CVS CORPORATION, ) | |
| ) | |
| Nominal Defendant. ) | |

**SUMMARY NOTICE OF PROPOSED**
**SETTLEMENT OF DERIVATIVE ACTIONS**

TO:   ALL HOLDERS OF CVS CORPORATION COMMON STOCK AS OF JUNE 7,2005.

YOU ARE HEREBY NOTIFIED that plaintiff, the Individual Defendants, and CVS has entered into a settlement to resolve certain claims asserted in the action captioned above (the "Action").

PLEASE BE FURTHER ADVISED that pursuant to a Court order, a hearing will be held on_____, 2005 at____, before the Honorable Joseph L. Tauro, Judge of the United States District Court for District of Massachusetts, Courtroom _____, One Courthouse Way, Boston, MA 02210, for the purpose of determining: (1) whether the proposed settlement

EXHIBIT 2

of the Action, as set forth in the Stipulation of Settlement on file with the Court, should be approved by the Court as fair, reasonable and adequate to CVS and its stockholders including plaintiff; (2) whether judgment should be entered, dismissing the Action with prejudice as against the Individual Defendants and CVS and releasing the Released Parties as defined in the Stipulation of Settlement; and (3) whether plaintiff's counsel's request for payment of attorneys' fees and reimbursement for expenses should be granted.

If you are a current stockholder of CVS, your rights may be affected by the proposed settlement.

If you currently own CVS common stock, you may view the "Notice of Pendency and Settlement of Stockholder Derivative Action," the Stipulation of Settlement and certain other documents on plaintiff's counsel's website http://www.whesq.com. If you have any questions, you may also contact the following:

Robert I. Harwood, Esq.  
WECHSLER HARWOOD LLP  
488 Madison Avenue, 8th Floor  
New York, NY 10022  
Fax: (212) 753-3630

Dennis E. Glazer, Esq.  
DAVIS POLK & WARDWELL  
450 Lexington Avenue  
New York, NY 10017  
Fax: (212) 212-450-3800

**Counsel for Plaintiff**

**Counsel for Individual Defendants and Nominal Defendant CVS Corporation**

DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE

Dated: June  , 2005

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

2

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD KRANTZ, Derivatively on<br>Behalf of Nominal Defendant CVS<br>CORPORATION, | No. C.A. No.<br>01-11464 - JLT |
| Plaintiff, | |
| v. | |
| THOMAS M. RYAN, DAVID B. RICKARD,<br>THOMAS P. GERRITY, STANLEY P. GOLDSTEIN,<br>MARIAN L. HEARD, TERRY R. LAUTENBACH,<br>TERENCE MURRAY, SHELI Z. ROSENBERG,<br>and WILLIAM H. JOYCE, | |
| Defendants, | |
| and | |
| CVS CORPORATION, | |
| Nominal Defendant. | |

### ORDER AND FINAL JUDGMENT

THIS CAUSE having come before the Court on     , 2005,
upon Motion for an Order and Final Judgment pursuant to Federal
Rule of Civil Procedure 23.1, and with respect to certain matters
relating to the settlement of the Action (the "Settlement") in
accordance with the Stipulation of Settlement dated as of June 7,
2005 and the exhibits thereto (the "Stipulation"); and

### EXHIBIT B

The Court having read and considered the Stipulation, heard arguments of counsel, granting preliminary approval of the Settlement by Order dated June 8, 2005 and the Court having considered all objections raised, if any; and

All parties having consented to the entry of this Order; it is

ORDERED, ADJUDGED AND DECREED THAT:

## DEFINITIONS

1. For purposes of this Order and Final Judgment and Order of Dismissal (the "Final Judgment"), the Court adopts and incorporates the definitions contained in the Stipulation.

## JURISDICTION

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action.

## NO ADMISSION OR EVIDENCE OF LIABILITY

3. This Court hereby decrees that neither the Stipulation, nor this Final Judgment, nor the fact of the Settlement, is an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Released Parties or of the truth of any of the claims or allegations alleged in the Action. This Final Judgment is not a finding of the validity or invalidity of any claims in the Action or of any wrongdoing or lack thereof by nominal defendant CVS or any of the Individual Defendants. The Stipulation, and any and all negotiations,

2

documents, and discussions associated with it, shall not be deemed
or construed to be an admission or evidence of any violation of any
statute or law or of any liability or wrongdoing by Plaintiff, CVS
and the Individual Defendants, or of any alleged defense, or of the
absence of any wrongdoing or limitations of damage or injury, and
evidence thereof shall not be discoverable or used directly or
indirectly, in any way, by any Person, in any other proceeding.

## FINALIZATION OF PRELIMINARY FINDINGS

4.     The   Court   makes   final   and   unconditional   the
conditional and preliminary findings made by the Court regarding
Notice, the maintenance of the Action as a proper stockholder
derivative action for purposes of this Settlement only, and the
Settlement terms in the Order Regarding Preliminary Approval and
Notice ("Preliminary Order") dated June 8, 2005.

## NOTICE

5.     The Court finds that the notice of Settlement of the
Action was given in accordance with the Preliminary Order and that
such notice was reasonable and constituted the most practicable
notice   under   the   circumstances,   constituted   valid,   due   and
sufficient notice to all CVS Stockholders, and complied fully with
the requirements of due process, federal law, the Constitution of
the United States, and any other applicable law.

3

## **APPROVAL OF THE SETTLEMENT**

6.    This Court hereby approves the Settlement set forth in the Stipulation and finds, in accordance with Federal Rule of Civil Procedure 23.1, that said Settlement is, in all respects, fair, reasonable, adequate and in the best interests of CVS and CVS Stockholders, including Plaintiff, and directs the consummation and implementation of the Settlement in accordance with the terms and provisions of the Stipulation.

7.    This Court further finds that the Settlement has been entered into and made in good faith, and that Plaintiff and Plaintiff's Counsel have fairly and adequately represented the interests of CVS Stockholders and CVS in connection with the Action and the Settlement.

## **DISMISSAL WITH PREJUDICE**

8.    This Court hereby dismisses with prejudice the Action filed herein as against the Individual Defendants and nominal defendant CVS without any costs to any party, except as provided herein in the Stipulation.

## **RELEASES AND COVENANTS**

9.    Upon the Effective Date, CVS, CVS Stockholders and Plaintiff (individually, on behalf of CVS Stockholders, and derivatively on behalf of CVS), and their heirs, executors, administrators, successors and assigns and all persons acting in concert with any such person, by operation of this Final Judgment,

4

shall have fully, and forever released, relinquished and discharged any and all Settled Claims against any and all of the Released Parties.

10. Upon the Effective Date, CVS, CVS Stockholders and Plaintiff (individually, on behalf of CVS Stockholders, and derivatively on behalf of CVS), and their heirs, executors, administrators, successors and assigns and all persons acting in concert with any such person, by operation of this Final Judgment, shall be forever barred and enjoined from asserting, instituting, maintaining, prosecuting or enforcing against any of the Released Parties any of the Settled Claims either directly, representatively, derivatively or in any other capacity. This injunction expressly extends to all Settled Claims.

## CONTINUING JURISDICTION

11. Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction: (a) over the implementation, administration and consummation of the Settlement; (b) over the Action until the Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties to the Stipulation shall have been performed pursuant to the Stipulation; and (c) over all parties to the Action and all parties to the Stipulation for the purpose of taking such other actions as may be necessary to conclude and administer this Settlement and to implement and enforce the Stipulation.

5

## TERMINATION OF SETTLEMENT

12. In the event that the Effective Date does not occur, or the Settlement is terminated in accordance with the terms and provisions of the Stipulation, then this Final Judgment shall be rendered null and void and be vacated and the Stipulation and all orders entered and releases delivered in connection therewith by this Court shall be rendered null and void.

## ATTORNEYS' FEES AND EXPENSES

13. Plaintiff's Counsel is hereby awarded attorneys' fees and reimbursement of expenses in the sum of $_____. Such fees and expense shall be paid from monies being paid by CVS' insurance carriers to fund the settlement of this Action and a related securities action. The fees and expenses have been determined by the Court to be fair, reasonable, and entirely appropriate. No other fees, costs or expenses may be awarded to Plaintiff's counsel in connection with the Settlement. The fees and expenses shall be paid to Plaintiff's counsel in accordance with the terms of the Stipulation.

## ENTRY OF FINAL JUDGMENT

14. The Court finds that no just reason exists for delay in entering final judgment in accordance with the Stipulation.

6

Accordingly, the Clerk is hereby directed to enter this Final Judgment forthwith.

Dated:

_____
Joseph L. Tauro, U.S.D.J.

DATED: June 7, 2005

WECHSLER HARWOOD LLP

By: _____

Robert I. Harwood
Samuel K. Rosen
488 Madison Avenue 8th Floor
New York, New York 10022
Tel: (212) 935-7400
Fax: (212) 753-3630

Plaintiff's Counsel

DAVIS POLK & WARDWELL

By: *Dennis E Glazer / TL.*

Dennis E. Glazer
Trisha L. Lawson
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
Fax:  (212) 450-3800

Counsel for Individual Defendants
and Nominal Defendant
CVS Corporation

25