UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD KRANTZ, Derivatively on ) <br> Behalf of Nominal Defendant CVS ) <br> CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THOMAS M. RYAN, DAVID B. RICKARD, ) <br> THOMAS P. GERRITY, STANLEY P. GOLDSTEIN,) <br> MARIAN L. HEARD, TERRY R. LAUTENBACH, ) <br> TERENCE MURRAY, SHELI Z. ROSENBERG, ) <br> and WILLIAM H. JOYCE, ) <br> ) <br> Defendants, ) <br> ) <br> and ) <br> ) <br> CVS CORPORATION, ) <br> ) <br> Nominal Defendant. ) <br> _____) | No. C.A. No. <br> 01-11464 - JLT |

## ORDER REGARDING PRELIMINARY APPROVAL AND NOTICE

WHEREAS, as of June __7__, 2005, certain parties to the above-captioned action (the "Action") entered into a Stipulation of Settlement (the "Stipulation") which is subject to review under Federal Rule of Civil Procedure 23.1 and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement (the "Settlement") of the claims alleged in the Action with prejudice upon the terms and conditions set forth in

**EXHIBIT A**

the Stipulation; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 8th day of _June_ 2005, that:

1. For the purposes of this Settlement only, the Court finds that the Action was properly brought as a stockholder derivative action for and on behalf of CVS, and that Plaintiff fairly and adequately represents the interests of stockholders similarly situated in enforcing the rights of CVS.

2. A hearing (the "Final Settlement Hearing") is hereby scheduled to be held before the Court on September 7, 2005 at 11:30 Am for the following purposes:

    (a) to determine whether the proposed Settlement is fair, reasonable, adequate and in the best interests of CVS and CVS Stockholders, including Plaintiff, and whether the Settlement should be finally approved by the Court;

    (b) to determine whether the Order and Final Judgment as provided for under the terms of the Stipulation should be entered, dismissing

        the complaint filed in the Action with prejudice; and to determine whether releases should be provided to the Released Parties, as defined and set forth in the Stipulation;

    (c)  to consider whether to award Plaintiff's Counsel the fees and expenses as set forth in the Stipulation; and

    (d)  to rule upon such other matters as the Court may deem appropriate.

3.    The Court reserves the right to: (a) approve the Settlement, with such modifications as may be agreed to by counsel for the parties to the Settlement consistent with such Settlement, without further notice to CVS Stockholders; and (b) continue or adjourn the Final Settlement Hearing from time to time, by oral announcement at the hearing or at any adjournment thereof, without further notice to CVS Stockholders.

4.    The Court approves the form, substance and requirements of the Notice of Settlement of Stockholder Derivative Litigation (the "Notice") annexed hereto as Exhibit 1 and the "Summary Notice" annexed hereto as Exhibit 2.

5.    CVS shall:

    (a)  cause to be mailed by First Class Mail to each CVS Stockholder, the Notice substantially in the form attached hereto as Exhibit 1;

      (b)   cause to be published once each in each national edition of <u>The New York Times</u> and <u>The Wall Street Journal</u> the Summary Notice substantially in the form attached as Exhibit 2 to the Preliminary Approval Order. Each such Summary Notice shall not be less than one-eighth (1/8) of a page;

      (c)   bear all expenses of providing the foregoing means of notifying CVS Stockholders of the Settlement.

      6.   The form and method set forth herein of notifying CVS Stockholders of the Settlement and its terms and conditions meet the requirements of the Federal Rules of Civil Procedure and due process, and shall constitute due and sufficient notice to all Persons and entities entitled hereto.

      7.   Plaintiff's counsel is authorized to act on behalf of CVS Stockholders with respect to all acts required by the Stipulation or such other acts which are reasonably necessary to consummate the Settlement set forth in the Stipulation.

      8.   Any CVS Stockholder may appear and show cause, if he, she or it has any reason why the Settlement of the Action embodied in the Stipulation should not be approved as fair, reasonable and adequate, or why a judgment should or should not be entered hereon, or why the fees and expenses should not be awarded;

provided however, that no CVS Stockholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Order and Final Judgment to be entered hereon, unless that CVS Stockholder has caused to be filed written objections, stating all supporting bases and reasons for the objection; setting forth proof of current ownership of CVS stock as well as documentary evidence of when such stock ownership was acquired; clearly identifying any and all witnesses, documents and other evidence of any kind that are to be presented at the Final Settlement Hearing in connection with such objections; and further setting forth the substance of any testimony to be given by such witnesses, with:

CLERK OF THE COURT<br>
United States District Court<br>
for the District of Massachusetts<br>
One Courthouse Way<br>
Boston, MA 02210

on or before _August 23_, 2005 and has served copies of all such papers at the same time upon the following by fax, by hand or by overnight mail:

| | |
|---|---|
| Robert I. Harwood, Esq.<br>WECHSLER HARWOOD LLP<br>488 Madison Avenue, 8th Floor<br>New York, NY 10022<br>Fax: (212) 753-3630 | Dennis E. Glazer, Esq.<br>DAVIS POLK & WARDWELL<br>450 Lexington Avenue<br>New York, NY 10017<br>Fax: (212) 212-450-3800 |
| **Counsel for Plaintiff** | **Counsel for Individual Defendants and Nominal Defendant CVS Corporation** |

Any CVS Stockholder wishing to be heard at the Final Settlement

Hearing is required to include a notice of intention to appear at the Final Settlement Hearing together with his/her or its written objection.

9. Any CVS Stockholder who does not make his, her, or its objection in substantially the manner provided in the preceding paragraph of this Order shall be deemed to have waived such objection and shall forever be foreclosed from: (i) making any objections to the fairness, adequacy, or reasonableness of the Settlement; or (ii) making any objections to the fairness and reasonableness of the fees and expenses.

10. If the Settlement is terminated pursuant to the terms of the Stipulation then in any such event, the Stipulation, including any amendment(s) thereof, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any Person or entity, and each party shall be restored to his, her, or its respective position as it existed prior to entry of this Order.

11. All CVS Stockholders shall be bound by the applicable determinations and orders, and the Judgment, whether favorable or unfavorable to any of them.

12. Pending final determination of whether the Settlement should be approved, the Plaintiff, all CVS Stockholders, and each of them, and anyone who acts or purports to act on their

behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Party.

DATED: June 8, 2005

_____
Joseph L. Tauro, U.S.D.J.